Filed: 12/26/2018 1:16 PM
Clerk
Lake County, Indiana

## IN THE LAKE COUNTY CIRCUIT/SUPERIOR COURT

CHERYL WEAVER,                          )

    Plaintiff,        FILED IN OPEN COURT

                December 27, 2018  )

         v.                )  Court No.45D04-1807-CT-372:

             Bear P. P.  )

SPEEDWAY LLC,

           JUDGE, LAKE SUPERIOR COURT,

    Defendant.    CIVIL DIVISION, ROOM 4

                BP

### FIRST AMENDED COMPLAINT

NOW COMES the Plaintiff, by Attorney Robert A. Montgomery, and complains of the Defendant, as follows:

1.    That on and before December 14, 2017, the Defendant owned, operated, supervised and/or maintained the premises, as a gas station located at 4705 Calumet Ave, Indiana 46327.

2.    On said date, the Defendant owned, controlled, and/or maintained the entrance and exit area leading into and from its premises.

3.    On said date, the Defendant invited the general public onto its premises and knew or should have known that persons would exit from premises onto an uneven walking surface.

4.    That the uneven walking surface caused a dangerous condition for persons walking into and out of the Defendant's grocery store.

5.    On the above date, the Plaintiff was a invitee of the Defendant and exiting the premises from the main entrance at the above location, when the uneven walking surface caused her to lose her balance, stumble and fall injuring herself.

6.    At all times herein mentioned, it was the duty of the Defendant to exercise a

reasonable degree of care and caution in the ownership, operation, maintenance, management, and control of the entrance exit area in order to avoid injury to persons known and expected to exit the premises, including, specifically the Plaintiff.

7.     Nevertheless, at or about the above-location, in violation of its duty to maintain the premises in a reasonably safe condition, the Defendant was then and there guilty of one or more of the following careless and negligent acts or omissions:

   a.     Failed to maintain proper supervision of its premises;

   b.     Permitted a pedestrian  hazard to remain on its premises;

   c.     Failed to provide proper maintenance on the premises; and

   d.     Failed to correct a known tripping hazard.

8.     The Defendant had notice and knowledge, or might by the exercise of reasonable diligence have had notice and knowledge of the existence of said condition prior to the aforesaid date, and in ample time to have removed said condition but failed to do so in violation of its duty to keep the premises reasonably safe.

9.     On the above-date and time, the Plaintiff was exiting the door of the Defendant's premises when suddenly she was caused to stumble, and fall because of the dangerous condition created by the Defendant's negligence.

10.     That at all times herein mentioned, the Plaintiff was in the exercise of reasonable care for the Plaintiff's safety.

11.     That by reason of the premises, and as a direct and proximate result of the negligent and careless misconduct of the Defendant, the Plaintiff was then and there injured, disabled, and suffered and will in the future suffer, pain and discomfort, and physical impairment, and will be kept from attending to ordinary and everyday affairs, jobs

and duties and will lose sums on account thereof, and has become liable for sums of money for medical care and hospital care and attention in endeavoring to be cured of the injuries caused by said occurrence.

WHEREFORE, the Plaintiff demands judgment against the Defendant in a sum that is reasonable in the premises. Plaintiff further demands trial by jury.


Respectfully submitted,

/s/ Robert A. Montgomery
Robert A. Montgomery
Attorney at Law

Robert A. Montgomery
Attorney at Law
161 North Clark Street, Suite 3050
Chicago, Illinois 60601
T: (312) 236-7700; F: (312) 605-8808
E: rm@rmontlaw.com
Attorney Code 9327-98