**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| CHERYL WEAVER, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:19-CV-41-JEM |
| | ) | |
| SPEEDWAY, LLC, | ) | |
|     Defendant. | | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Speedway LLC's Motion for Summary Judgment [DE 41], filed on September 21, 2020, and on Plaintiff's Motion for Summary Judgment [DE 45], filed on September 21, 2020.

I.     **Procedural Background**

On January 25, 2019, Weaver's Complaint, originally filed in state court on July 25, 2018, was removed to this Court. It includes a single personal injury claim, alleging that Weaver tripped over a curb near the front entrance of a Speedway gas station as a result of Speedway's negligence. On July 1, 2020, the Court set a scheduling order in this case, bifurcating discovery with the question of liability to be determined first.

On September 21, 2020, the parties each filed a motion for summary judgment on the issue of liability. On October 19, 2020, both parties filed responses, and both filed replies on November 2, 2020

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

1

**II.     Summary Judgment Standard**

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted). To demonstrate a genuine issue of fact, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986); *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). The same standard applies when considering cross-motions for summary judgment. *Int'l Bhd. of Elec. Workers, Local 176 v. Balmoral Racing Club, Inc.*, 293 F.3d 402, 404 (7th Cir. 2002). A court's role is not to evaluate the weight of the evidence, to judge the credibility of

2

witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Liberty Lobby*, 477 U.S. at 249-50.

### III.    Undisputed Material Facts

On December 14, 2017, Weaver was walking from the Speedway parking lot toward the store entrance in Hammond, Indiana, when she tripped over a curb and fell. Weaver has visited this Speedway on several occasions and had been inside the store once or twice prior to the accident. For the purposes of summary judgment, the parties agree that the photographs taken by Weaver a few days after the accident accurately reflect the curb on the day in question. It is Speedway's policy to paint the curbs outside any of its doorways yellow, and there is a procedure in place for employees to call maintenance and request that the curbs be painted a brighter yellow if the color becomes faint.

### IV.    Analysis

Speedway argues that it is entitled to summary judgment because Weaver has not presented evidence that the curb she tripped over created an "unreasonable risk of harm" or that Speedway should have expected its customers would fail to recognize and negotiate the curb outside its front entrance. In response, Weaver argues that there is a genuine issue of fact as to whether the curb was properly painted on the date that she fell. Speedway contends that the vibrancy of the yellow paint on the curb does not create a material factual dispute necessary to defeat its summary judgment motion.

Weaver argues that she is entitled to summary judgment because the curb was not painted bright yellow, in violation of Speedway's own policies and procedures, and because Speedway failed to maintain its premises in a reasonably safe condition. Speedway responds that Weaver has

not presented evidence, aside from the mere fact that she fell, showing that the curb was unreasonably dangerous or that Speedway should have expected its customers would fail to notice the curb.

To prevail on a claim for negligence, a plaintiff must establish that (1) the defendant owed a duty to the plaintiff, (2) the defendant breached that duty, and (3) the breach of duty proximately caused the injury to the plaintiff. *Harradon v. Schlamandinger*, 913 N.E.2d 297, 300 (Ind. Ct. App. 2009). At trial, the plaintiff bears the burden of proving that there was negligence, and "[n]egligence will not be inferred; rather, specific factual evidence, or reasonable inferences that might be drawn therefrom, *on each element* must be designated to the trial court. However, an inference is not reasonable when it rests on no more than speculation or conjecture." *Hayden v. Paragon Steakhouse*, 731 N.E.2d 456, 458 (Ind. Ct. App. 2000) (citing *Miller v. Monsanto Co.*, 626 N.E.2d 538, 541 (Ind. Ct. App. 1993)); *Midwest Commerce Banking Co. v. Livings*, 608 N.E.2d 1010, 1012 (Ind. Ct. App. 1993)). Accordingly, "negligence cannot be inferred from the mere fact of an accident, absent special circumstances." *Hale v. Cmty. Hosp. of Indianapolis, Inc.*, 567 N.E.2d 842, 843 (Ind. Ct. App. 1991); *see also Ogden Estate v. Decatur Cnty. Hosp.*, 509 N.E.2d 901, 903 (Ind. Ct. App. 1987) ("Falling and injuring one's self proves nothing. Such happenings are commonplace wherever humans go.") (quotation omitted). "Similarly, causation may not be inferred merely from the existence of an allegedly negligent condition." *Midwest Commerce Banking*, 608 N.E.2d at 1013.

As a Speedway customer, Weaver was a "business visitor," that is, "a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." *Burrell v. Meads*, 569 N.E.2d 637, 642 (Ind. 1991) (quoting

Restatement (Second) of Torts § 332 (1965)). Speedway, as the landowner, owed "the highest duty

of care to an invitee, that duty being to exercise reasonable care for the invitee's protection while

[she] is on the premises." *Christmas v. Kindred Nursing Centers Ltd. P'ship*, 952 N.E.2d 872, 880

(Ind. Ct. App. 2011). It is therefore

> subject to liability for physical harm caused to his invitees by a
> condition on the land if, but only if, [it:]
>
> (a) knows or by the exercise of reasonable care would discover the
> condition, and should realize that it involves an unreasonable risk
> of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger,
> or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the
> danger

*Burrell*, 569 N.E.2d at 639-40 (quoting Restatement (Second) of Torts § 343 (1965)); *see also,*

*e.g., Harradon*, 913 N.E.2d at 301.

Both parties devote a significant portion of their briefs presenting argument as to whether

the curb posed an unreasonable risk of harm. Under Indiana law, liability exists "only if it was

reasonably foreseeable that [plaintiff] would fail to protect himself against injury." *Davis v.*

*Hoosier Energy Rural Elec. Coop., Inc.*, 19 F.3d 365, 369 (7th Cir. 1994). Therefore, even

assuming that the curb presented an unreasonable risk, Speedway faces no liability for Weaver's

injuries if the curb constituted a condition "whose danger is known or obvious to [Weaver], unless

[Speedway] should anticipate the harm despite such knowledge or obviousness." *Douglass v. Irvin*,

549 N.E.2d 368, 370 (Ind. 1990).

Weaver argues that Speedway's failure to comply with its own policies of painting the curb

bright yellow to bring attention to the height differential rises to the level of negligence. Speedway

5

does not address whether the color of the curb at the time of the incident was consistent with its policies, but argues that even if it failed to follow its internal policy, that is insufficient to demonstrate failure to exercise ordinary care.

The standard of care in a negligence action must be an objective one and a company's policy does not create a legal duty or a breach of that duty, *Couvillion v. Speedway, LLC*, 1:14-CV-1842-DKL-SEB, 2016 WL 233661, at *4 (S.D. Ind. Jan. 20, 2016), aff'd sub nom. *Couvillion v. Speedway LLC*, 673 Fed. Appx. 558 (7th Cir. 2016) ("Indiana's negligence law enforces objectively reasonable uniform standards of conduct and duties, not corporate policies."), and a company's policy may exceed the standard of care in a given situation. *See e.g. Wal-Mart Stores, Inc., v. Wright*, 774 N.E.2d 891, 894 (2002). However, a company's policies are relevant to the question of what the standard of care is in a particular case. *Gannon v. Menard, Inc.*, 2019 WL 7584294, at *8 (S.D. Ind. Aug. 26, 2019); *see also Wright*, 774 N.E.2d at 894-95; *Endre v. United States*, 117CV04446JRSMJD, 2020 WL 1508542, at *5 (S.D. Ind. Mar. 30, 2020). The standard of care in this case is whether Speedway failed to exercise reasonable care considering what a reasonable invitee would know about the danger and what the reasonable invitee would do to protect themselves from any danger. *See Christmas*, 952 N.E.2d at 881. Therefore, the mere fact that Speedway has a policy to paint the curb yellow does not create a legal duty to Weaver, nor would failure to comply with the policy mean that it breached its duty. *See e.g., Wright*, 774 N.E.2d at 892 ("Rules and policies in the Manual may have been established for any number of reasons having nothing to do with safety and ordinary care, including a desire to appear more clean and neat."); *Gannon*, 2019 WL 7584294, at *8.

Weaver contends that she did not recognize the danger posed by the curb because it was

6

not painted a vibrant yellow, in violation of Speedway's own policy that, she argues, was put in place because it was aware that the height change posed a hazard. However, Speedway's subjective knowledge does not supplant the objective standard of care in a negligence suit because "a landowner's knowledge is evaluated by an objective standard." *Countrymark Coop., Inc. v. Hammes*, 892 N.E.2d 683, 689 (Ind. Ct. App. 2008) (quoting *Douglass*, 549 N.E.2d at 370) (internal quotations omitted). In following with this standard, an "ordinary" curb "[m]akes any danger obvious and means" that "invitees are generally expected to see them and know how to use them." *Smagala v. Embassy Suites Mgmt. LLC*, 117CV03648JPHDLP, 2020 WL 208804, at *2 (S.D. Ind. Jan. 14, 2020) (finding that a reasonable plaintiff would have recognized the danger of walking down stairs even though they were narrow, deep, and dimly lit stairs, because stairs "are an everyday occurrence"); *Walters v. JS Aviation, Inc*., 81 N.E.3d 1160, 1163 (Ind. Ct. App. 2017) (reasoning that a step down is an everyday occurrence). Weaver has not identified any characteristic, such as a break in the concrete of the curb or a distraction caused by Speedway, that would have eliminated the obviousness of the danger of the curb. *See Smagala*, 2020 WL 208804, at *4 ("Ms. Smagala has not designated any evidence showing that Embassy Suites had reason to expect that a distraction would cause her to forget the obvious danger."); *Merrill v. Knauf Fiber Glass GmbH*, 771 N.E.2d 1258, 1266 (Ind. Ct. App. 2002) ("Such reason to expect harm to the visit from known or obvious danger may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted.") (citing Restatement (Second) of Torts § 343A, cmts. e, f)). Although Weaver contests the obviousness of the curb because it was faded yellow, curbs themselves are everyday occurrences, of which landowners can expect invitees to both see and know how to navigate absent a characteristic such as a crack or a distraction to the

7

invitee.

Speedway argues it had no reason to anticipate that Weaver would fail to protect herself from the danger created by a height change from the parking lot to the store entrance just as every other customer did. Speedway represents that it has only had one other incident relating to the curb over which Weaver tripped in the five years preceding Weaver's fall. Weaver argues that it is speculation for Speedway to assume that because it was not *aware* of anyone tripping, no one *had* tripped over the curb.

The existence, or lack thereof, of other accidents has been considered by Indiana courts in determining negligence suits similar to this case. *See e.g.*, *Kelly v. GEPA Hotel Owner Indianapolis LLC*, 993 N.E.2d 216 (Ind. Ct. App. 2013) (evidence of the occurrence of prior accidents of similar character and circumstance is admissible to show the defendant's notice of the existence of the dangerous condition); *Fawley v. Martin's Supermarkets, Inc.*, 618 N.E.2d 10, 14 (Ind. Ct. App. 1993) (admitting evidence submitted by the defendant that the accident in question was the only incident of its type to have occurred on the defendant's premises). For example, in a negligence action for a customer's fall off of a sidewalk, the court considered that over the one-and-a-half to two years during which a retail display was situated on the sidewalk, that business had never received a report of an injury from any customer falling off the curb, and reasoned that "[a] customer of reasonable prudence would also understand the risks associated with traversing a narrowed walkway and protect against such risk by either taking extra precaution or opting for a different route of ingress." *Maurer v. Speedway LLC*, 774 F.3d 1132, 1137 (7th Cir. 2014). The court found that the landowner "had no reason to anticipate that [the plaintiff] would not discover the condition and protect herself against it just as every other customer did, nor did [the landowner]

8

fail to exercise reasonable care." *Id*.

Speedway represents that almost every person who enters the store uses the front door and that in the five years preceding Weaver's fall, only one other customer tripped over the curb. The Speedway manager testified that the curb was last re-painted sometime before December, 2017, and Speedway represents that in the last five years, the only two reported incidents were when Weaver tripped and when another person tripped over the curb in inclement weather in 2015. *See Kelly*, 993 N.E.2d at 216 (accidents of similar circumstance or condition are admissible in a premise liability suit). Speedway also provided video footage of the 30 minutes preceding Weaver's fall during which 37 individuals entered and exited the store without issue. The Court also notes that Weaver has visited that same Speedway multiple times and previously navigated the curb without incident. *See, e.g., Ozinga Transp. Sys. v. Michigan Ash Sales, Inc*., 676 N.E.2d 379 (Ind. Ct. App. 1997) (affirming that a property owner was not liable because it could not have informed plaintiff of any facts of which he was not already aware). Accordingly, a customer of reasonable prudence would understand the risk associated with stepping onto the curb and protect against the risk and Speedway had no reason to anticipate that Weaver would not discover the condition and protect herself against it just as every other customer did, nor did Speedway fail to exercise reasonable care.

Because there is no genuine issue of material fact and no reasonable jury could find Speedway negligent, Weaver cannot prevail on her claim for premises liability against Speedway and the Court must enter summary judgment in favor of Speedway.

## V.    Conclusion

For the foregoing reasons, the Court hereby **GRANTS** Defendant Speedway LLC's

Motion for Summary Judgment [DE 41] and **DENIES** Plaintiff's Motion for Summary Judgment

[DE 45]. The Court **DIRECTS** the Clerk of Court to **ENTER JUDGMENT** in favor of Defendant

Speedway, LLC.

SO ORDERED this 22nd day of April, 2021.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record

10